ARNOLD *v.* CITY OF JONESBORO.

4874                                    302 S. W. 2d 91

Opinion delivered May 13, 1957.

[Opinion amended and rehearing denied June 10, 1957]

*W. B. Howard* and *Frank Sloan,* for appellant.

*Gerald E. Pearson,* for appellee.

ED. F. McFADDIN, Associate Justice. The question posed is the validity of an ordinance of the City of Jonesboro (hereinafter called "City") which makes illegal the erection and use of business buildings in a district restricted exclusively to residences.

In 1956 appellant, Arnold, applied to the City for a permit to build a restaurant building in a residential district. Even though the City denied the permit, Arnold erected the building and proceeded to operate a restaurant therein until arrested for violation of the city ordinance, No. 828, adopted April 16, 1951 (amendatory of an earlier 1931 ordinance) which reads in part:

"It shall be unlawful for any person . . . to hereafter build, construct or erect . . . for business purposes any . . . building, or to open or establish any business of any kind . . . within the residence district, . . ."

It was conceded that the appellant's restaurant building was and is within the residential district described in the ordinance; and it was shown that the ordinance No. 828 was amendatory as to territorial limits

of Ordinance No. 604 adopted on August 3, 1931. Both in the municipal court and in the circuit court on appeal, Arnold was convicted of violating the Ordinance No. 828; and on appeal here he urges the same defense made in the lower court: that both the 1931 ordinance and the 1951 ordinance are void because the City failed to pursue the procedure required by the zoning Act, which is Act No. 108 of the General Assembly of Arkansas of 1929. This brings us to a consideration of the several legislative enactments involving the power of cities to restrict buildings in certain described areas.

(a) The Third Extraordinary Session of the 44th General Assembly was in session from June 23rd to June 30, 1924, and is referred to as "Third Extra Session of 1924". At the said Extraordinary Session, the General Assembly adopted Act No. 6 (approved July 1, 1924), captioned: "An Act to Confer on Cities of the First Class the Power of Regulating the Character of Buildings".[1] The act provided in part:

"SECTION 2. Cities of the first class are hereby authorized to establish zones limiting the character of buildings that may be erected therein, and that such zones may be of three classes: first, portions of the city where manufacturing establishments may be erected or conducted; second, portions of the city where business other than manufacturing may be carried on; third, portions of the city set apart for residences.

"SECTION 3. When the city council shall have laid off such zones it shall not be lawful for anyone to construct or carry on within a given zone any business not authorized by the ordinance of such city establishing the same, unless with special permission granted by the council of said city . . ."

Jonesboro is, and was at all times here, a city of the first class; and on August 3, 1931 adopted Ordinance No. 604, which in all matters here concerned is

---

[1] This Act was within the purview of the call of the said Extra Session: it was the third item in the Governor's Proclamation calling the Special Session.

the same[2] as the Ordinance No. 828 previously quoted. It is clear that this Ordinance No. 604 was passed under the authority granted cities of the first class by the said Act No. 6.[3] Inherent in appellant's contention here is the question whether Act No. 108 of 1929 impliedly repealed the said Act No. 6 and destroyed the power of cities to have ordinances restricting buildings except and unless the cities followed all the procedure stated in the Act No. 108 of 1929.

(b) So we come to a consideration of Act No. 108 of 1929. This Act was captioned: "An Act to Provide for City Planning, Zoning and Sub-division Control and the Creation of a Planning Commission, in Cities of the First and Second Class; and For Other Purposes".[4] By it any city was empowered to adopt a general zoning plan ordinance. This was not a law merely empowering cities to regulate the character of buildings: It went into the entire matter of zoning. Neither repeals by implication nor amendments by implication are favored in construing statutes. (*Pruitt* v. *Sebastian County C. & M. Co.*, 215 Ark. 673, 222 S. W. 2d 50). The Legislature will not be held to have changed a law it did not have under consideration while enacting a later law, unless the terms of the subsequent act are so inconsistent with the provisions of the prior law that they cannot stand together. Without detailing all of the reasons for such holding, we conclude that the powers given cities of the first and second classes by the zoning ordinance (Act No. 108 of 1929) were in addition to, and not superseding of the powers given cities of the first class by the Act No. 6 of 1924.

[2] The Ordinance No. 828 changed some of the boundary lines of the residential district. The appellant's business was within the residential district as described in either or both of the ordinances.

[3] In *Little Rock* v. *Pfeiffer*, 169 Ark. 1027, 277 S. W. 883, it was stated that the City of Little Rock had adopted an ordinance under the power granted by said Act No. 6. The ordinance involved in Gammill v. Blytheville, —Ark.—, 291 S. W. 2d 503, was apparently adopted under the power granted cities by the said Act No. 6.

[4] The Act No. 108 (now found in § 19-2811 *et seq.* Ark. Stats.) has many times been before this Court. In *Gammill* v. *City of Blytheville*, 226 Ark. 572, 291 S. W. 2d 503, we listed some such cases, although that case involved a restrictive ordinance and not a zoning ordinance.

(c) One of the reasons for our conclusion stated immediately above is the existence of Act No. 312 of 1949. That Act clearly shows that the Legislature of 1949 did not consider Act No. 6 of 1924 to have been repealed: because by the Act No. 312 of 1949 the Legislature *amended* the Act No. 6 of the Third Extra Session of 1924 so as to include cities of the second class, as well as cities of the first class. The said Act No. 6 had become § 10056 of Pope's Digest; and the Act No. 312 of 1949 stated:

"That Section 10056 of Pope's Digest of the Statutes of the State of Arkansas is hereby amended to read as follows: 'Cities of the first and second class are hereby authorized to establish zones limiting the character of buildings that may be erected therein. Such zones may be of three classes: first, portions of the city where manufacturing establishments may be erected or conducted; second, portions of the city where business other than manufacturing may be carried on; third, portions of the city set apart for residences.' "

Thus, the legislature, by Act No. 312 of 1949, re-enacted a law that gave cities of the first class the power to regulate the character of buildings, and extended that power to cities of the second class. After the passage of Act No. 312 of 1949, Jonesboro, on April 16, 1951, by its Ordinance No. 828, re-enacted (with territorial changes immaterial in this case) the restrictions on business buildings in residential districts. Certainly after Act No. 312 of 1949, all possible questions were answered as to the power of the City of Jonesboro to adopt its Ordinance No. 828. The power had been originally granted by Act No. 6 of the Third Extra Session of 1924, had not been impliedly repealed by Act No. 108 of 1929, and had been affirmatively sanctioned by the Act No. 312 of 1949. The Ordinance No. 828 was valid and the uncontradicted evidence shows that appellant acted in violation of the ordinance.

Affirmed.