ROUTH WRECKER SERVICE, INC. and John Ransom d/b/a Red Oak Auto Clinic *v.* M.C. WINS

92-984                                          847 S.W.2d 707

Supreme Court of Arkansas
Opinion delivered February 22, 1993

*Robert A. Newcomb*, for appellant Routh Wrecker Service.

*Barron & Barron*, for appellant John Ransom.

*Howell Law Firm*, by: *Cary Basham*, for appellee.

ROBERT H. DUDLEY, Justice. This case requires us to construe statutes that relate to the ownership of a stolen car. On May 11, 1990, Connie and Shirley Aday of Russellville sold their jointly owned 1976 Cadillac automobile to Car Brokers, who, in turn, sold the car to M.C. Wins, a used car dealer. Wins testified that he paid $2,400.00 for the car and took an open title. He explained that this meant Car Brokers signed the certificate of title as the seller but did not list Wins as the buyer. Instead, the space for the name of the buyer recited "first re-assignment by licensed dealer only." Wins testified that he did not register the transfer of ownership with the Commissioner of Revenues of the Department of Finance and Administration because a registered car dealer is not required to do so. Wins parked the car on his used car lot located on West Roosevelt Road in Little Rock, where he and a partner do business under the name of Nelson Auto Sales. The car was stolen from the lot on May 18, 1990, and Wins's partner immediately notified the Little Rock Police Department. The police department prepared an information report on the stolen car.

The Little Rock Police Department recovered the car the next day, May 19, but Wins was not notified. The police called Routh Wrecker Service, Inc. and had that company tow the car to a secure area and impound it. The City of Little Rock and Routh Wrecker have a contract under which Routh Wrecker performs

such services. The Little Rock Police Department apparently overlooked its information report because it only informed Routh Wrecker that Connie and Shirley Aday were the registered owners of the car. Routh Wrecker asked the Arkansas State Police whether the car was stolen, but that agency responded that it did not have a report of the car being stolen. Routh Wrecker sent a notice to the Adays that the car had been recovered and they could redeem it by paying the towing and storage charges authorized under Ark. Code Ann. § 27-50-1101 (Supp. 1991). The Adays did not redeem the car and notice of a proposed sale of the car to pay the charges was sent to the Adays. A notice of sale was published on August 3 and 17, 1990.

John Ranson, doing business as the Red Oak Auto Clinic, purchased the car at a public auction for $1,650.00. On January 2, 1991, the Commissioner of Revenues issued a certificate of title reflecting the Red Oak Auto Clinic as owner of the car.

Some months later, Wins was sitting in his office on West Roosevelt Road and saw a car that looked like the stolen car being driven into the McDonalds restaurant next door. Wins still had the keys to the car. He took the keys and walked over to the car. The keys fit the door lock, and he unlocked the door. He then tried the ignition key, but it would not work. He went inside the restaurant and asked who owned the car outside. A lady said it was hers. Wins called the police. The lady was allowed to drive the car away.

Wins filed this suit for replevin. The trial court ruled that Wins was entitled to possession of the car. Routh Wrecker Service, Inc. and John Ranson, doing business as Red Oak Auto Clinic, appeal. The ruling of the trial court was correct and, accordingly, we affirm.

At common law our general rule was that title to stolen property remains in its rightful owner. In *Superior Iron Works* v. *McMillan*, 235 Ark. 207, 357 S.W.2d 524 (1962), we said this common law rule is now embodied in Ark. Code Ann. § 16-80-103 (a) (1987), which provides: "All property obtained by larceny, robbery, or burglary shall be restored to the owner and no sale, whether in good faith on the part of the purchaser or not, shall divest the owner of his right to the property."

Appellants, Routh Wrecker and John Ranson, contend that Ark. Code Ann. §§ 27-50-1101 to -1103 and 27-50-1201 to -1210 (Supp. 1991) have implicitly amended the common law rule now embodied in Ark. Code Ann. § 16-80-103.

The first of the two above cited statutes, which appellants contend have implicitly amended our statutory law, is Ark. Code Ann. § 27-50-1101. It provides that when a car is found abandoned on public property, a towing-storage firm may be requested to take possession of and store the abandoned car. After so doing, the towing-storage firm shall notify the last known registered owner that he or she may claim the car by paying all towing and storage charges. If the owner does not reclaim the car, the towing-storage firm may sell the car at public auction, deduct its charges, and, if the owner is not located, pay the remainder over to the State Highway and Transportation Department. The second of these statutes, Ark. Code Ann. § 27-50-1201, is similar in the material part, but adds that the towing-storage firm that removes an abandoned vehicle pursuant to a contract with a law enforcement agency, obtains a possessory lien on the car, and may foreclose that lien and the successful bidder at the foreclosure sale may obtain title to the car. This act provides that an "abandoned" car is one that is left unattended and *"to which the owner has overtly manifested some intention not to retake possession."* Ark. Code Ann. § 27-50-1202(b)(1) (emphasis added).

A maxim of statutory construction is that implied repeals of statutes are not favored. *Arnold* v. *City of Jonesboro*, 227 Ark. 832, 302 S.W.2d 91 (1957). The General Assembly will not be held to have changed a law that it did not have under consideration unless the terms of the subsequent act are so inconsistent with the prior law that the two cannot stand together. *Id.* Here, the acts are not so inconsistent they cannot stand together. The prior act, Ark. Code Ann. § 16-89-103(a), provides that title to stolen property remains in its lawful owner. The subsequent acts, Ark. Code Ann. §§ 27-50-1101 to -1103 and 27-50-1201 to -1210, provide that an owner shall be liable for the towing and storage for an abandoned car, and the second of these acts provides that an abandoned car is one that is left unattended and to which the owner has overtly manifested an intention not to retake. Thus, there is no repugnancy so great that both the prior and subsequent acts cannot stand together. The prior act can be

given effect where an automobile is stolen from the owner, and the subsequent acts can be given effect when the vehicle is abandoned by the owner.

 In addition, while the title of an act is not part of the law, it may be referred to in order to help ascertain the intent of the General Assembly. *Lyon* v. *White River-Grand Prairie Irrigation Dist.*, 281 Ark. 286, 664 S.W.2d 441 (1984). Here, the title to one of the subsequent acts, Ark. Code Ann. § 27-50-1101, states that it is to "Provide an Alternative Method for Property Owners to Dispose of Abandoned Vehicles. . . ." The title to the other subsequent act, Ark. Code Ann. § 27-50-1201, states that it is to "Provide for the Removal of Unattended and Abandoned Vehicles. . . ." Both titles provide that the subsequent acts are to allow property owners to remove abandoned vehicles from their property.

 Under our common law and under the express language of one of the subsequent statutes, abandonment requires a manifest act which expresses the intent of the owner to forsake his or her property. Property is abandoned when it has been thrown away, or its possession voluntarily forsaken by the owner. *Eads* v. *Brazelton*, 22 Ark. 499 (1861). In sum, the prior statute provides that title to stolen property remains in the lawful owner, and the subsequent statutes provide that an owner may lose title to his automobile by abandoning it. The statutes are not necessarily repugnant. Thus, on the argument presented, the trial court correctly ruled that appellee Wins had not lost title and was entitled to an order of replevin.

Affirmed.