The Honorable Jim Guy Tucker State of Arkansas Office of the Governor State Capitol Little Rock, AR 72201
Dear Governor Tucker:
This is in response to your request for an opinion on the following questions:
 (1) If House Bill 1479 becomes law, will the construction and equipping of a building to house the Arkansas Teacher Retirement System and provide additional office space be required by Section 8 of the bill or by any other statutory authority? Is it possible for the Arkansas Teacher Retirement System to build a portion of the Capitol Mall Facilities under this bill without some further action or authorization by the Governor?
 (2) If House Bill 1852 becomes law, will the construction and equipping of modules A4 and A5 of the Capitol Mall Facilities be required by Section 15 of the bill or by any other statutory authority? Is it possible for a portion of the Capitol Mall Facilities to be constructed under the bill without some further action or authorization by the Governor?
It is my opinion that the answer to the first part of both of your questions is "no." House Bill 1479 is entitled "An Act To Make An Appropriation For Personal Services And Operating Expenses For The Arkansas Teacher Retirement System For The Biennial Period Ending June 30, 1995; And For Other Purposes." Section 8 of the bill states:
 There is hereby appropriated, to the Arkansas Teacher Retirement System, to be payable from the Teacher Retirement Fund for the construction and equipping of a building to house the Arkansas Teacher Retirement System and provide additional office space, the sum of . . . $20,325,000.
House Bill 1852 is entitled "An Act To Make An Appropriation For Personal Services And Operating Expenses For The Arkansas Public Employees Retirement System For The Biennial Period Ending June 30, 1995; And For Other Purposes." Section 15 of the bill states:
 There is hereby appropriated, to the Arkansas Public Employees Retirement System, to be payable from the Arkansas Public Employees Retirement System Fund, for the construction and equipping of modules A4 and A5 of the Capitol Mall Facility for the biennial period ending June 30, 1995, the sum of . . . . . . . . $14,800,000.
These bills are clearly appropriation measures in compliance with Article 5, Section 29 of the Arkansas Constitution, which states:
 No money shall be drawn from the treasury except in pursuance of specific appropriation made by law, the purpose of which shall be distinctly stated in the bill, and the maximum amount which may be drawn shall be specified in dollars and cents; and no appropriations shall be for a longer period than two years.
See also Ark. Const. art. 16, § 12 ("No money shall be paid out of the treasury until the same shall have been appropriated by law, and then only in accordance with said appropriation.")
The Arkansas Supreme Court has defined an "appropriation" as:
 . . . a setting apart from the public revenues of a certain sum of money for a specified object in such manner that the executive officers of the government are authorized to use that money, and no more, for that object, and for no other.
Jobe v. Caldwell, 93 Ark. 503, 513, 125 S.W. 423 (1910). Seealso Dickinson v. Clibourn, 125 Ark. 101, 187 S.W. 909
(1916); Grable v. Blackwood, 180 Ark. 311, 22 S.W.2d 41 (1929);Scougale v. Page, 194 Ark. 280, 106 S.W.2d 1023 (1937).
The court in Dickinson, supra, stated the following after citing art 5, § 29 and art. 16, § 12 of the constitution, and several statutes governing the withdrawal of state funds:
 An unmistakable purpose is shown in said provisions of the Constitution and statutes quoted, to prevent the payment out of, or drawing from the State Treasury, any money raised under the operation of any statute, until the same is appropriated by law, which appropriation is required to be specific, and the purpose distinctly stated in the bill and the maximum amount which can be drawn, specified in dollars and cents. . . . The framers of the Constitution intended that each Legislature shall fix a maximum amount specified in dollars and cents in every appropriation made beyond which the fund cannot be used during the period, in language so clear as to manifest an intention that it is set aside and authorized to be drawn and used for the purpose distinctly stated.
125 Ark. at 106-107.
Thus, the bills in question authorize the use of the appropriated funds for the stated projects. They are appropriation measures only, fixing maximum amounts to be expended for the stated purposes. They do not require that the monies appropriated be spent. See generally Ark. State Highway Comm. v. Mabry,229 Ark. 261, 266-267, 315 S.W.2d 900 (1958). Nor has my research yielded separate statutory authority for the proposition that constructing and equipping such facilities is required.
It must be initially noted, in response to the second part of both of your questions, that the Governor must, in accordance with the General Accounting and Budgetary Procedures Law (A.C.A. §§ 19-4-101—2105), approve the method of financing before any state agency may construct or finance any buildings or facilities. It is therefore my opinion that the answer to both of these questions is "no." It is stated under A.C.A. §19-4-524(a)(3) (1987) that "[a]ll construction and improvements of whatever nature shall be subject to the provisions of §§19-4-1401—19-4-1412 and to the rules and regulations promulgated by the Chief Fiscal Officer of the State." Sections 19-4-1401 to -1412 address the construction of buildings and facilities by state agencies.[1] Section 19-4-1407 states in pertinent part as follows:
 Before any state agency shall enter into any contract of employment with an architect or take any other affirmative action toward the construction or financing of any project as provided in this subchapter, it shall submit to the Chief Fiscal Officer of the State, in writing, a summary statement setting forth:
* * *
 The method it proposes to use to finance its cost, which is to be a method of financing that must be approved by the Governor.
A.C.A § 19-4-1407(a)(3) (1987).
Subsection (b) of § 19-4-1407 states that "no affirmative action shall be taken by the agency unless and until a method of financing shall be approved by the Governor and the Chief Fiscal Officer of the State."
Thus, action by the Governor will, in my opinion, be necessary in connection with the method of financing the referenced Capitol Mall Facilities. It must be concluded that the Governor's approval is required, notwithstanding the availability of funds pursuant to the appropriation acts. Although the appropriations authorize the funds' use, they cannot, in my opinion, be construed as negating § 19-4-1407. This interpretation would require an implied repeal or amendment of § 19-4-1407, which is clearly not favored in construing legislative enactments. Seegenerally Arnold v. City of Jonesboro, 227 Ark. 832,302 S.W.2d 91 (1957).
It should also be recognized that the Governor's role as chairman of the Capitol Zoning District Commission places him in a position to take action or provide authorization in connection with construction of the Capitol Mall Facilities. See A.C.A. §22-3-303 (Cum. Supp. 1991) (creating the Commission to consist of seven members, with the Governor as chairman). Arkansas Code Annotated § 22-3-306(c) (1987) states that ". . . no improvement of any nature nor any change of land use shall commence within the district without a permit issued by the Capitol Zoning District Commission." See also A.C.A. § 22-3-306(b)(1) (vesting the Commission with authority to approve or disapprove the location and design of any improvements to be placed upon any land within the district.)
Another source of required action or authorization by the Governor may be found in Act 235 of 1991, as amended by Act 923 of 1991 (found in the Appendix to Title 19 of the Arkansas Code). This act authorizes the Arkansas State Building Services to construct on the State Capitol grounds the Capitol Mall Facility.See App. Part 11, §§ 3(a) and (13)(a). Section 13 of Act 235 states in part that the State Building Services shall, prior to beginning the project, develop a proposed master plan of housing state agencies and departments within the facilities of the Capitol Mall project. Id. at § 13(d)(4). The plan is to be submitted to the Governor for his review and approval. Id. This subsection states:
 It is the intent of this section that the Governor shall determine the needs and priorities for locating or relocating state agencies and departments into space in the Capitol Mall project facilities.
The State Building Services is administered by a director who is appointed by and serves at the pleasure of the Governor. A.C.A. §22-2-105 (1987). The Governor's role in the initiation of the Capitol Mall project facilities is apparent. It is thus clear, in light of Act 235 of 1991, as amended, and the Capitol Zoning District provisions, that a portion of the Capitol Mall Facilities cannot be built without some further action or authorization by the Governor.
This conclusion concerning Act 235 of 1991 will, it seems, clearly apply with regard to a portion of the Capitol Mall Facility constructed with the funds appropriated to the Arkansas Teacher Retirement System under H.B. 1479. This conclusion is, in my opinion, compelled notwithstanding the authority of the board of trustees of the System to approve the use of assets to purchase or construct a building for permanent offices of the System. See A.C.A. § 24-7-403(a) (Repl. 1992). It appears that the board of trustees has the authority, as an initial matter, to approve the use of System assets for constructing such a building. This is not to say, however, that the specific legislative enactments regarding the Capitol Mall Facility do not apply. Rather, in the absence of a clear expression of legislative intent to the contrary, these provisions must, if possible, be given effect. See generally Berry v. Gordon,237 Ark. 547, 376 S.W.2d 279 (1964). It must be concluded, in accordance with established rules of statutory construction, that Act 235, as amended, will apply.
A question might arise regarding the applicability of Act 235 to APERS because of the specific reference in H.B. 1852 to the Capitol Mall Facility. It might be contended that H.B. 1852 reflects legislative intent for APERS to construct the "modules." As noted above, however, the Governor's approval of the method of finance will, in any event, be required.
Compliance with the State Building Services Act (A.C.A. §§22-2-101—120), which clearly involves action or authorization by the Governor,[2] may also be required. A question may, however, arise under A.C.A. § 22-2-103(a) (Cum. Supp. 1991), which contains an exemption from the State Building Services Act applicable to "any lands, buildings, or other structures or facilities now owned or hereafter acquired by an Arkansas state retirement system as an investment or as a result of the investment of assets of the system." It is unclear, in my opinion, whether this exemption would apply in connection with the facilities funded under these appropriation bills. It might be contended, depending upon the particular facts, that these structures are "acquired . . . as an investment or as a result of the investment of assets of the system[s]." It is my opinion that the Governor's authorization of the method of finance will, nevertheless, be required, as noted above.
It thus appears that the primary source of any action or authorization by the Governor is found in the General Accounting and Budgetary Procedures Law, which requires the Governor's approval of the method of finance before any state agency may construct or finance any building or facility. Consideration should, however, also be given to the Capitol Zoning District law, Act 235 of 1991, as amended, and the State Building Services Act. Action or authorization by the Governor may also be required under these provisions, depending upon the particular facts.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The "purpose" section of the General Accounting and Budgetary Procedures Law states that "[i]t is the policy of the State of Arkansas to . . . [m]aintain on a sound financial basis the state and all of its agencies, boards, commissions,departments, and institutions, all referred to in this chapter as`agencies' unless otherwise necessary." A.C.A. § 19-4-102
(1987). (Emphasis added.) Sections 19-4-1401 to -1412 thus clearly apply to the System. The State Highway Commission and the Arkansas State Highway and Transportation Department are specifically exempted. See A.C.A. § 19-4-1403 (1987).
[2] As noted previously, the State Building Services is administered by a director who is appointed by and serves at the pleasure of the Governor. A.C.A. § 22-2-105 (1987).