The Honorable Jodie Mahony State Representative 406 Armstrong Building El Dorado, Arkansas 71730
Dear Representative Mahony:
This is in response to your request for an opinion concerning the proper dates for the preferential and general primary elections in Arkansas. Specifically, you note that Act 966 of 1993 (codified at A.C.A. 7-5-108 (Repl. 1993)) provides that "Notwithstanding any other law to the contrary all runoff elections after August 13, 1993, shall occur three (3) weeks after the election which necessitates the runoff election." You also note, however, that A.C.A. 7-7-203(a) and (b) (Repl. 1993) provide as follows:
 (a) The general primary election shall be held on the second Tuesday in June preceding the general election.
 (b) The preferential primary election shall be held on the Tuesday two (2) weeks prior to the general primary election.
Your inquire as to which statute is controlling in setting the dates for the preferential and general primary elections.
As an initial matter, it should be noted that Act 966, with respect to the three week runoff requirement, is not yet in effect because it has not been precleared pursuant to Section 3(c) of the Voting Rights Act of 1965, as required by the federal court order in Jeffers v. Clinton, 740 F. Supp. 585
(E.D.Ark. 1990). See Op. Att'y Gen. 93-304 (copy enclosed). This office, however, submitted the act to the United States Department of Justice for preclearance on December 14, 1993. Pursuant to 28 C.F.R. 51.9, the U.S. Attorney General has sixty days in which to interpose an objection to the act, and if no objection is made, the act is deemed precleared. Because the change in the law to be effected by Act 966 is in my opinion de minimis, and has no substantial effect on minority voting rights, I forsee no problems with preclearance.
Assuming preclearance is obtained, it is my opinion that Act 966 of 1993, the first statute cited above, has impliedly amended the provisions of A.C.A. 7-7-203(b), so as to require the preferential primary election to be held three weeks prior to the general primary election, with the general primary still to be held on the second Tuesday in June as the statute requires.
Implied amendments, like implied repeals, are not favored in the law. See Fireman's Fund Ins. Co. v. Polk County, 260 Ark. 799,543 S.W.2d 947 (1976). The legislature will not be held to have changed a law it did not have under consideration while enacting a later law, unless the terms of the subsequent act are so inconsistent with the prior law that they cannot stand together. Arnold v. City of Jonesboro, 227 Ark. 832,302 S.W.2d 91 (1957). In my opinion, however, the provisions of Act 966 are so inconsistent with A.C.A. 7-7-203 (b) as to work an implied amendment of that provision. The new act states that "notwithstanding any other law to the contrary all runoff elections . . . shall occur three (3) weeks after the election. . . ." The "general primary election" is a "runoff" election and has been so referred to by the Arkansas Supreme Court. See Porter v. Hesselbein, 235 Ark. 379, 360 S.W.2d 499 (1962) (decision under prior law). Therefore, notwithstanding the provisions of A.C.A. 7-7-203(a) and (b), the "runoff" election (the general primary) must occur three weeks after the preferential primary election. Section 7-7-203(a), however, sets a date certain for the general primary or "runoff" election. It is to be held on the second Tuesday in June. The date of the preferential primary election is not a date certain, but is set as a function of the general primary date. See A.C.A. 7-7-203(b) (requiring the preferential primary to be held two weeks prior to the general primary). It is my opinion, therefore, that the statute has been impliedly amended to require the preferential primary election to be held three weeks prior to the general primary election. With regard to implied amendments or repeals, a latter statute will be held to impliedly repeal or amend a prior statute so far as it relates to conflicting provisions and to that extent only. State ex rel. Purcell v. Jones, 242 Ark. 168, 412 S.W.2d 284 (1967). See also State v. White, 170 Ark. 880, 281 S.W. 678 (1926) (repeal implied on basis of conflicting provisions of statutes operates only to the extent of the conflict). The general election primary date or "runoff" date (the second Tuesday in June) is not in conflict with Act 966 of 1993. It is only A.C.A. 7-7-203(b) setting the date for the preferential primary, which conflicts with Act 966. It is therefore impliedly amended to require the preferential primary to be held three weeks prior to the general primary. Thus, this year the general primary election will be held on the second Tuesday in June (June 14) and the preferential primary will be held three weeks prior to this date on May 24.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
Enclosure