The Honorable E. Ray Stalnaker State Representative 11714 Arch Street Pike Little Rock, Arkansas 72206
Dear Representative Stalnaker:
This is in response to your request for an opinion regarding A.C.A. 27-50-1101 (Cum. Supp. 1993), which pertains to the sale of vehicles found abandoned on private or public property within the state. With regard to this statute, you have posed the following questions:
 1. Which, if any, provisions of A.C.A. 27-50-1101 (Cum. Supp. 1993) apply to auto repair businesses claiming a mechanic's lien in automobiles that have been repaired but not picked up and paid for by the owner?
 2. Are the existing notice provisions regarding mechanic's liens altered or affected by A.C.A. 27-50-1101 (Cum. Supp. 1993)?
Your questions pertain to A.C.A. 27-50-1101, which provides, in pertinent part, the following:
 (a)(1) When any vehicles of a type subject to registration under the laws of this state are found abandoned on private or public property within this state, except premises of auto repair businesses, the property owner or his agent may have the vehicle removed from their property by a towing-storage firm.
* * *
 (3) The towing-storage firm which takes possession of and stores the abandoned vehicle shall notify, not later than the tenth day after taking the vehicle into custody, by certified mail, the last known registered owner of the vehicle and all lienholders of record pursuant to 27-14-101 et seq. that the vehicle or vehicles are being held and, unless claimed within thirty (30) days, will be sold at public sale to the highest bidder.
 (A) The notice shall describe the year, make, model, and vehicle identification number of the abandoned vehicle, set forth the location of the facility where the vehicle is being held, inform the owner and any lienholders of their right to reclaim the vehicle not later than the ninetieth day after the date of the notice, on payment of all towing and storage charges resulting from placing the vehicle in custody.
 (B) As to vehicles abandoned on premises of auto repair businesses, the notice as provided herein shall advise the owner of the vehicle that the vehicle may be picked up from the auto repair business within thirty (30) days without charge to the owner of the auto.
 (C) The notice shall also state that the failure of the owner or lienholders to exercise their right to reclaim the vehicle within the time provided constitutes a waiver by the owner and lienholders of all right, title, and interest in the vehicle and their consent to the sale of the abandoned vehicle at a public auction.
***
 (b) The provisions of this section shall apply to any abandoned vehicle of a type subject to registration under the laws of this state. Vehicles on the premises of an automobile repair business which are unclaimed by the vehicle owner for a period of ninety (90) days and which are not being stored for the vehicle owner shall be considered abandoned under this section. [Emphasis added.]
I assume that your questions refer to artisans' liens, which are provided for by statutes codified at A.C.A. 18-45-101 et seq. (1987). Under A.C.A. 18-45-201 (1987), all automobile repairmen "who have furnished any materials or parts for the repair of any vehicle . . . if unpaid, shall have an absolute lien upon the product or object of their labor, repair. . . ." Persons having a lien pursuant to A.C.A. 18-45-201 and who retain possession of the automobile have the right to sell the vehicle for the satisfaction of the debt for which the property is held. A.C.A. 18-45-203 (1987). Such a sale, however, may not take place until thirty (30) days after the work on the automobile has been completed. A.C.A. 18-45-204(a). If the debt is not paid by the end of that thirty day period, the lienholder (auto repair business in this case) must post a written notice of the proposed sale of the personalty "at or near the front door of his place of business and at least five (5) other of the most public places in the township." Id. This notice must be posted by the lienholder not less than ten (10) days prior to the sale. Id. In addition to posting the notice described above, the lienholder is also required to make demand for the debt, prior to the sale, by sending a "registered letter addressed to the last known residence or post office address of the debtor." A.C.A. 18-45-204(c).
In response to your first question, it is my opinion that A.C.A. 27-50-1101 (Cum. Supp. 1993) has no effect on the artisan lien statutes which are codified at A.C.A. 18-45-101
et seq. and which are summarized above with respect to automobile repairmen. Arkansas Code Annotated 27-50-1101
pertains to vehicles which have been "abandoned." It has been stated that "abandonment requires a manifest act which expresses the intent of the owner to forsake his or her property. Property is abandoned when it has been thrown away, or its possession voluntarily forsaken by the owner." Routh Wrecker Serv., Inc. v. Wins, 312 Ark. 123, 127, 847 S.W.2d 707
(1993). It is my opinion that A.C.A. 27-50-1101, when it refers to automobile repair businesses, contemplates situations where repair work has not been performed or charges are not otherwise owed and yet the vehicle remains on the premises of the repair business. Such situations might arise, for example, where the owner of a vehicle takes his or her car into a repair shop to get an estimate on the cost of repair and waits for a long period before coming back to the repair shop, or he or she comes back to the repair shop and decides that the estimated cost of repair is more than they wish to expend on the vehicle and they simply leave the car on the premises. This conclusion seems compelled by subparagraph (a)(3)(B) of A.C.A.27-50-1101, which provides that notice to owners of vehicles abandoned on premises of auto repair businesses shall include a provision telling the owner that the vehicle "may be picked up from the auto repair business within thirty (30) days without charge to the owner of the auto." [Emphasis added.] Thus, to apply A.C.A. 27-50-1101 to those situations where repair work has been completed and there is a debt owing on such work would seem absurd, since the statute would require automobile repair businesses to send a notice to the owner of the vehicle that he or she could pick the car up "without charge." To apply A.C.A.27-50-1101 to those situations where an artisans' lien has attached because repair work has been completed would also seem contrary to the provisions contained in the artisans' lien statutes, as such an application would require an auto repair business to wait for a longer period of time before selling the vehicle than the lien statutes require. In this regard, it has been stated that the General Assembly "will not be held to have changed a law that it did not have under consideration unless the terms of the subsequent act are so inconsistent with the prior law that the two cannot stand together." Routh Wrecker Serv., Inc. v. Wins, 312 Ark. 123, 126, 847 S.W.2d 707 (1993). In my opinion, A.C.A. 27-50-1101 and the artisan lien statutes are not so inconsistent that they cannot stand together. Rather, the statutes should operate independently of one another. Thus, if an automobile has been left unclaimed on the premises of an automobile repair business for a period of 90 days, thus constituting "abandonment" under A.C.A.27-50-1101(b), and there is no money due for completed repair work, an automobile repair business can utilize those procedures set forth in A.C.A. 27-50-1101. However, if repair work has been completed and the repair business asserts an artisans' lien for the unpaid work, the automobile repair business should use the procedures outlined in the artisans' lien statutes, which are codified at A.C.A. 18-45-101 et seq.
In response to your second question, it is my opinion that the applicable provisions regarding notice of a sale by an artisan lienholder are those set forth in A.C.A. 18-45-204. As such, the notice provisions contained in A.C.A. 27-50-1101 are not applicable in those situations where an artisans' lien is taken for unpaid automobile repair work.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh