The Honorable David Bisbee State Representative 174 Pyramid Drive, Route 1 Rogers, Arkansas 72756
Dear Representative Bisbee:
This is in response to your request for an opinion on three questions regarding Act 981 of 1993, which amended A.C.A. §6-61-520 (Cum. Supp. 1993). Specifically, you indicate that this act was passed to deal with the election of board members for the Northwest Arkansas Community College ("NWACC"). This College is unique, you note, because its boundaries are described by school district lines as opposed to county lines. Act 981 of 1993 amended the existing statute, which sets out the procedures for the election of the board members of community college districts, by substituting the words "general or annual school election" for "general election" throughout the section, and inserting the following emphasized language in subsection (b):
 All members shall be elected for terms of six (6) years by the qualified electors of the community college district at the general election, or at the annual school election[1] for any community college district which is comprised solely of one (1) or more entire school districts and whose boundary is contiguous with those school districts,
immediately preceding the expiration of the expiring terms, and the newly elected members shall take office on January 1 next following the date of their election. [Emphasis added.]
Your three questions with regard to this language are as follows:
 1. Is Act 983 of 1993 permissive as to the date of the election of the board members?
 2. Could Act 981 of 1993 cause a community college millage increase to be placed on the annual school election ballot?
 3. Northwest Arkansas Community College is comprised of the Bentonville and Rogers school districts within Benton County. A small part of the Rogers school district lies in Madison and Carroll counties. Does NWACC fit the definition as stated in Act 981 of 1993 [subsection (b) above] allowing it to elect its board members at the annual school election?
Although I am a little unclear as to the focus of your first question, if you are inquiring whether the NWACC may either elect members to its board of directors at the general election or at the annual school election, it is my opinion that the act is permissive in this regard. There is no mandate that board members be elected at the annual school election. The language of the act is not entirely clear on this point, but in my opinion the language of the title of the act sheds some light on the legislative intent. The title of Act 981 of 1993 provides as follows:
 AN ACT TO AMEND ARKANSAS CODE ANNOTATED 6-61-520 TO ALLOW BOARD MEMBERS OF CERTAIN COMMUNITY COLLEGE DISTRICTS TO BE ELECTED AT THE ANNUAL SCHOOL ELECTION; AND FOR OTHER PURPOSES. [Emphasis added.]
This title states that it is an act to "allow" board members to be elected at the annual school election. The title does not appear to contain mandatory language. The word "allow" has been defined as being synonymous with the word "permit." See,generally, Webster's Seventh New Collegiate Dictionary (1979) at 24. See also Prickett v. Farrell, 248 Ark. 996,455 S.W.2d 74 (1970) and Stanley v. Gates, 179 Ark. 886,19 S.W. 1000 (1929). Although it has been held that the title of an act is no part of a law, it may be referred to in order to help ascertain the intent of the General Assembly. Routh WreckerService, Inc. v. Wins, 312 Ark. 123, 847 S.W.2d 707 (1993). It is thus my opinion that the answer to your first question is "yes."
It is my opinion that the answer to your second question is "no." The relevant statute does not address millage increases or authorize the placement of such measures on the annual school election ballot.
It is my opinion that the answer to your third question is "yes." assuming that the NWACC district is comprised of the entire Rogers and Bentonville school districts, and the NWACC district boundary is contiguous with these school district boundaries. There does not appear to be any requirement that the school district boundaries be contained in single counties.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
Enclosure
[1] You have not raised any question as to the constitutionality of placing extraneous matters on the annual school election ballot. This practice is discussed in Op. Att'y Gen. 91-017 (copy enclosed). This opinion does not, however, address the question in light of a legislative act specifically granting the authority to place such measures on the annual school election ballot. Acts of the legislature are, of course, presumed constitutional.