The Honorable Pat Flanagin State Representative 935 W. Washington Forrest City, Arkansas 72335
Dear Representative Flanagin:
This is in response to your request for an opinion on Act 1349 of 1995, which addresses community college district boards of directors. As you have noted, this act requires each such board to choose, within sixty days of the effective date of the act, whether it will continue as a board whose members are elected, or whether it will become a newly constituted board whose members are appointed by the Governor. If a board chooses to continue as an elected board, and the community college district has a ten percent or greater population in any one racial minority, that board must be elected, beginning in 1996, by single member zones. The act provides that the community college board may, with the approval of the county board of election commissioners, divide the district into nine (9) zones, or may, by resolution, utilize existing quorum court districts.
You have noted that a separate statute (A.C.A. § 6-61-520 (Cum. Supp. 1993)) provides that all community college boards are composed of nine members. A problem arises under the new act (Act 1349 of 1995), however, because it purports to authorize community college boards in certain locales to utilize existing quorum court districts in establishing the single member zones. Not all counties are composed of nine quorum court districts. Some counties have nine districts, some have eleven, some thirteen and some fifteen, depending upon their population. See Arkansas Constitution, Amendment 55, § 2 and A.C.A. § 14-14-402 (1987). To further complicate matters, not all community college districts are contiguous with county lines. In light of these facts, a board choosing to utilize existing quorum court districts as single member zones within a community college district could have, depending on the facts, more than nine members or fewer than nine members.
Your question with reference to these facts is whether Act 1349 of 1995, in authorizing community college boards to utilize existing quorum court districts as single member zones, authorizes a local community college board to change the number of members serving on the board.
It is my opinion that the answer to this question is "no."
The basic rule of statutory construction, to which all other interpretive guides must yield, is to discern and give effect to the legislative intent. Thomas v. State, 315 Ark. 79, 864 S.W.2d 835 (1993). I cannot, from a review of Act 1349, discern any legislative intent to allow local community college boards to increase or decrease their number of members to any number other than nine. The act makes no reference to any number of members other than nine. It states that local boards in districts with certain racial make-ups which choose to elect members may divide the district into nine zones or utilize existing quorum court districts. It is my opinion that this provision does not, in the absence of any other evidence of legislative intent on the question, authorize the local board to increase or decrease the number of zones and members from nine. This is especially true when such a construction would result in the partial implied repeal of another statute (A.C.A. § 6-61-520). Repeals by implication are not favored. Routh Wrecker Service, Inc. v. Wins,312 Ark. 123, 847 S.W.2d 707 (1993). The General Assembly will not be held to have changed a law that it did not have under consideration unless the terms of the subsequent act are so inconsistent with prior law that the two cannot stand together. Id.
I cannot conclude, therefore, from a review of the act, that the legislature intended the community college district boards to have varying numbers of directors, dependent upon the number of quorum court districts within the community college district. It is my opinion, rather, that the legislature intended to retain the uniform requirement of nine directors for each community college district. How then can effect be given to that portion of Act 1349 which authorizes district boards to use existing quorum court districts as single member zones? It is my opinion that if the community college district is coextensive with nine quorum court districts,[1] the local community college board may choose, by resolution, to utilize these quorum court districts for the election of its members. Otherwise, the board must, with the approval of the county board of election commissioners, divide the district into nine zones of substantially equal population. This appears to be a rather limited construction of this part of Act 1349, but is in my opinion necessary to most nearly effectuate the legislative intent in light of what appears to have been a legislative oversight of the fact that not all counties have nine quorum court districts, and not all community college districts are coextensive with county boundaries.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] This might be true with regard to a community college district the boundaries of which are coextensive with the county, and where the county, according to population, only has nine quorum court districts. It might also be true in counties which have more than nine quorum court districts, as long as the boundaries of the community college district are coextensive with only nine of the quorum court districts.