The Honorable Sue Madison State Representative 573 Rockcliff Road Fayetteville, Arkansas 72701-3809
Dear Representative Madison:
This is in response to your request for an opinion on the following questions:
 Regarding A.C.A. § 11-4-402, do the employers mentioned in that section include both public sector and private sector employers? Specifically, does this section apply to a state agency or institution?
RESPONSE
It is my opinion that the answer to each of your questions is "no."
The statute you reference provides as follows:
 (a) It shall be unlawful for any milling or manufacturing company, or any other person, corporation, or company employing persons to labor for them in the State of Arkansas, to discount the wages of their employees or laborers when payment is made or demanded before the regular paydays more than at the rate of ten percent (10%) per annum from the date of payment to the regular payday.
 (b) All laborers shall be paid in currency at the place of business of the company, person, or corporation so employing the labor in the state unless the laborer elects to take drafts or checks in lieu of currency for pay.
 (c) Any evasion or violation of this section shall be usury and a misdemeanor. The person, company, or corporation, or their agents, violating this section shall be fined in any sum not less than ten dollars ($10.00) nor more than five hundred dollars ($500), and the entire property of the person, company, or corporation shall be subject to the payment of the fine and costs. [Emphasis added.]
The statute above applies to "milling and manufacturing compan[ies]" and to "any other person, corporation or company employing persons to labor for them in the State of Arkansas. . . ." Your question is whether this language is broad enough to include public employers, specifically, a state agency or institution. In my opinion the answer to this question is "no." In my opinion such agencies and institutions are not within the contemplation of the statute above. The state, and its various agencies and institutions, do not, in my opinion, constitute a "person, corporation or company" for purposes of this statute.
In my opinion the title of the act sheds light on the legislative intention in this regard. The statute you reference was originally passed as Act 172 of 1899 and it was entitled "An Act for the better protection of labor in the milling and manufacturing industries of the State of Arkansas." The body of the act refers to the milling and manufacturing industries, and then also applies to any other "person, corporation or company" employing persons to labor for them. In my opinion employees of the State of Arkansas are not within the contemplation of this statute, which appears directed at private industry. Although the title of an act is not controlling, it can shed light on the intention of the legislature in the face of an ambiguity arising from the language used. See, e.g.,Quinney v. Pittman, 320 Ark. 177, 895 S.W.2d 538 (1995); Farnsworth v.White County, 312 Ark. 574, 851 S.W.2d 451 (1993); Routh Wrecker Servicev. Wins, 312 Ark. 123, 847 S.W.2d 707 (1993); Henderson v. Russell,267 Ark. 140, 589 S.W.2d 565 (1979); McMahan v. Board of Trustees v.University of Arkansas, 255 Ark. 108, 499 S.W.2d 56 (1973); and City ofFort Smith v. Brewer, 255 Ark. 813, 502 S.W.2d 643 (1973).
In addition, subsection (c) of the statute, which was Section 2 of the original act, indicates the inapplicability of the statute to state agencies or institutions. That subsection makes violation of the act a misdemeanor punishable by a fine and subjects the property of the "person, company or corporation" to the payment of the fine. This provision of the statute, in my opinion, has no applicability to the state or its agencies and institutions, pursuant to Arkansas Constitution art.5, § 20, which prohibits the State from being made a defendant in any of her courts.
In my opinion, therefore, the answer to each of your questions is "no."
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh