The Honorable Herschel W. Cleveland State Representative P.O. Box 588 Paris, AR 72855-0588
Dear Representative Cleveland:
You have presented the following question for my opinion:
 Should A.C.A. § 27-36-215(c)(1) be interpreted to mean: (a) that no colored lights are to be displayed at all; (b) that colored or white lights are acceptable as long as the plate is visible at 50 feet; or (c) that no colored lights are acceptable and white lights are forbidden if they render the tag illegible at 50 feet?
RESPONSE
It is my opinion that A.C.A. § 27-36-215(c)(1) should be interpreted to mean that colored lights cannot be used to illuminate license plates, and that white lights must be used, but cannot be so bright as to render the license plate illegible at less than 50 feet.
A.C.A. § 27-36-215(c)(1) states:
 (c)(1)(A) Either a tail lamp or a separate lamp shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible for a distance of fifty feet (50') to the rear.
 (B) It shall be a violation of this subsection (c) for any other color of light to be displayed around the registration plate or for white light to be excessively used so as to render the registration plate illegible from a distance of less than fifty feet (50').
A.C.A. § 27-36-215(c)(1).
The most basic rule of statutory construction is to give effect to the intent of the legislature. Flowers v. Norris, 347 Ark. 760, 68 S.W.3d 289
(2002); Ford v. Keith, 338 Ark. 487, 996 S.W.2d 20 (1999). When the language of a statute is unambiguous, it is inappropriate to go beyond that language in determining legislative intent. Raley v. Wagner,346 Ark. 234, 57 S.W.3d 683 (2001). However, the Arkansas Supreme Court has held that if the language of a statute is ambiguous, it is permissible in determining legislative intent to consider not only the act's language, but also the subject matter, the object to be accomplished, the purpose to be served, and other appropriate matters that throw light on the issue. City of Fort Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356 (1993). In addition, the court has held that it is appropriate to consider the act's title in determining legislative intent. Williams v. Little RockSchool District, 347 Ark. 637, 66 S.W.3d 590 (2002); Routh WreckerService v. Wins, 312 Ark. 123, 847 S.W.2d 707 (1993).
Statutory language is considered to ambiguous if it can be interpreted in more than one way. Russellville Canning Co. v. American Can Co.,87 F. Supp. 484 (1950), rev'd on other grounds, 191 F.2d 38. Because the language of A.C.A. § 27-36-215(c)(1)(B) lends itself to more than one interpretation, I deem it to be ambiguous. I find the title of the act from which this language was taken to be particularly helpful in determining the legislature's intent with regard to that section of the statute.
Section (B) of A.C.A. § 27-36-215(c)(1) was added to the statute by Act 125 of 1997. The title of that act was as follows: "AN ACT TO AMEND ARKANSAS CODE ANNOTATED § 27-36-215(c) TO PROHIBIT THE USE OF COLORED LIGHTS TO ILLUMINATE THE REGISTRATION PLATE ON A MOTOR VEHICLE; AND FOR OTHER PURPOSES." Acts 1997, No. 125. The subtitle of the act was as follows: "TO PROHIBIT THE USE OF COLORED LIGHTS TO ILLUMINATE THE REGISTRATION PLATE ON A MOTOR VEHICLE".
In my opinion, the language of the act's title and subtitle are clear and unambiguous in indicating the legislature's intent to prohibit the use of colored lights to illuminate license plates. If the language of the statute is susceptible of more than one interpretation, the act's title is not. It leaves no doubt as to the legislative intent. Moreover, this act was an addition to Section (c)(1)(A), which already required the use of a white illuminating light. The title to the amending act indicates clearly that the legislature intended to reinforce this white light requirement, rather than to relax it. The clear purpose of this statute is to maximize the visibility of license plates, by requiring white lights only, and by requiring that the white lights that are used not be so bright that the license plate is obscured by the glare.
I must therefore conclude that A.C.A. § 27-36-215(c)(1) should be interpreted to mean that colored lights cannot be used to illuminate license plates, and that white lights must be used, but cannot be so bright as to render the license plate illegible at less than 50 feet.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General