The Honorable Jan A. Judy State Representative 202 W. Maple Street Fayetteville, AR 72701-4132
Dear Representative Judy:
You have requested my opinion concerning several issues arising out ofAct 107 of 2003 (2nd Ex. Sess.). Your specific questions are:
 (1) Can the state legally collect the full 6% of the state gross receipts tax on sanitation or garbage collection services under A.C.A. § 26-52-316, which was added by Act 107 of 2003 (2nd Ex. Sess.), in light of the specific exemption in A.C.A. § 26-52-301(2) that has not been repealed, and in light of the possibility that the Arkansas Gross Receipts Act of 1941 does not include the new section?
 (2) If the answer to Question 1 is negative, can the state legally collect the additional tax levied in the act (7/8 of 1%) on sanitation or garbage collection services under Act 107 of 2003 (2nd Ex. Sess.)?
 (3) If Act 107 of 2003 (2nd Ex. Sess.) only allows the collection of the additional 7/8 of 1% tax, can cities and counties legally collect their local sales tax on sanitation or garbage collection services?
 (4) Do you recommend corrective legislation before Act 107 becomes effective on July 1, 2004? (I.e., Do you recommend that the legislature consider repealing the exemption stated in A.C.A. § 26-52-301(2) or make any other changes to current law?)
RESPONSE
Question 1 — Can the state legally collect the full 6% of the state grossreceipts tax on sanitation or garbage collection services under A.C.A. §26-52-316, which was added by Act 107 of 2003 (2nd Ex. Sess.), in lightof the specific exemption in A.C.A. § 26-52-301(2), which was notrepealed, and in light of the possibility that the Arkansas GrossReceipts Act of 1941 does not include the new section?
As an initial matter, I must note that your question refers to "sanitation and garbage collection services." The new statute, A.C.A. §26-52-316, refers to services for the "collection and disposal of solid wastes." I will not undertake the task of determining the extent to which "sanitation and garbage collection services" are coextensive with services for the "collection and disposal of solid wastes." Although in common usage, these services would generally be deemed to be substantially the same, the meaning of these phrases, as used in the law, can be ultimately determined only through judicial interpretation or legislative clarification. As Attorney General, I do not have the authority to supply a definition for undefined statutory language. For that reason, my ability to address your question definitively is limited; I must leave unanswered the crucial question of which services, precisely, are included in services for the "collection and disposal of solid waste," and the question of which services, precisely, are included in "sanitation or garbage collection services." With that limitation noted, I will proceed to address your question.
It is my opinion, as explained more fully below, that beginning on July 1, 2004, the State can legally collect the full 6% gross receipts tax on services for the "collection and disposal of solid wastes" under the authority of A.C.A. § 26-52-316.
I will begin by setting forth the specific language of the newly added section, A.C.A. § 26-52-316, which authorizes the imposition of the gross receipts tax on collection and disposal of solid wastes services. This new section states in pertinent part:
26-52-316. Services subject to tax.
 (a) The gross proceeds or gross receipts derived from the following services are subject to the gross receipts tax:
* * *
(2) Collection and disposal of solid wastes[.]
A.C.A. § 26-52-316 (added by Acts 2003, No. 107, § 7).
You have suggested two reasons for concluding that the full amount of gross receipts tax should not be collectable on "sanitation and garbage collection services." First, you point out that under A.C.A. §26-52-301(2), "sanitation and garbage collection services" are specifically exempted from the gross receipts tax. You also note that this exemption language in A.C.A. § 26-52-301(2) has not been repealed. It is my opinion that to the extent that the exemption language of A.C.A. §26-52-301(2) can be interpreted to refer to services for the collectionand disposal of solid wastes, that language has been impliedly repealed by the provisions of the new section. Although implied repeals are not favored under the law, see Routh Wrecker Serv., Inc. v. Wins,312 Ark. 123, 847 S.W.2d 707 (1993), they can be effective if the statutory conflict in question is irreconcilable. See Board of Trustees v.Stodola, 328 Ark. 194, 942 S.W.2d 255 (1997). In cases in which two statutes are in irreconcilable conflict with each other, the one that was enacted most recently will prevail. See Uilkie v. State, 309 Ark. 48,827 S.W.2d 131 (1992). In my opinion, the language of A.C.A. § 26-52-316, authorizing the imposition of the gross receipts tax on services for the "collection and disposal of solid wastes," irreconcilably conflicts with the language of A.C.A. § 26-52-301(2), exempting "sanitation and garbage collection services" from the tax, to the extent that "sanitation and garbage collection services" can be interpreted to refer to services for the "collection and disposal of solid wastes." A particular service cannot be both exempt from and subject to a tax. Accordingly, I must conclude that the provisions of A.C.A. § 26-52-316, which was enacted more recently, must prevail.
You also suggest that "sanitation and garbage collection services" should not be deemed subject to the gross receipts tax because of the language of A.C.A. § 26-52-101, the title provision of the Gross Receipts Act. That section states:
 This act shall be known and cited as the "Arkansas Gross Receipts Act of 1941".
A.C.A. § 26-52-101.
You point out that the publisher's notes to this section list the specific statutory provisions that are deemed to be included in the meaning of the phrase "this act" as used in A.C.A. § 26-52-101. You further point out that two new sections that were added by Act 107, A.C.A. § 26-52-302(d)(1) (which adds an additional .875% tax to items that are subject to the gross receipts tax levied by the Gross Receipts Act), and A.C.A. § 26-52-316 (discussed above), are not included in that list. Although it is somewhat unclear precisely what argument you are suggesting, it appears that you may be suggesting one of two arguments. One is that because A.C.A. § 26-52-316 may not be deemed to be a part of the original Gross Receipts Act, the tax imposed by the original Act cannot be imposed on the services listed in the new section. The other is that because "sanitation and garbage collection services" were exempted from the original Gross Receipts Act, the additional .875% tax levied by A.C.A. § 26-52-302(d)(1) on items that are subject to the Gross Receipts Act cannot be imposed on items listed in A.C.A. § 26-52-316. In my opinion, neither of these arguments can succeed.
In my opinion, the fact that the new sections, A.C.A. § 26-52-302(d)(1) and A.C.A. § 26-52-316, may not be deemed to constitute a part of the Arkansas Gross Receipts Act is irrelevant to the question of whether the gross receipts tax can be imposed on the services listed in A.C.A. §26-52-316, including services for the "collection and disposal of solid wastes." The significance of the phrase "this act" comes into play only when a separate statute broadly refers to the Gross Receipts Act and purports to affect the items that are "subject to" the gross receipts tax, without specifically naming those items. For a discussion of this type of statutory construction problem, see Op. Att'y Gen. No. 2004-005. This problem does not arise if a separate statute specifically names the items that are to be subject to the gross receipts tax. This is the case with A.C.A. § 26-52-316. Because it specifically states that services for the "collection and disposal of solid wastes" are to be subject to the gross receipts tax, the question of whether the new section is deemed to be part of the Gross Receipts Act is irrelevant. Moreover, because the specific listing of services in A.C.A. § 26-52-316 impliedly repeals the exemption in the original Act to the extent of any overlap, as discussed above, any problem that may have otherwise been caused by the broad reference in A.C.A. § 26-52-302(d)(1) to "services subject to" the Gross Receipts Act is explicitly resolved.
To summarize, Act 107 impliedly repealed the exemption for "sanitation and garbage collection services" to the extent that "sanitation and garbage collection services" can be interpreted to refer to services for the "collection and disposal of solid wastes." Act 107 specifically authorized the imposition of the gross receipts tax on such services. Because of this specific enumeration of this type of service as being subject to the gross receipts tax, the fact that the new sections, A.C.A. § 26-52-302(d) and A.C.A. § 26-52-316 may not be deemed to be a part of the Gross Receipts Act is irrelevant to the question of whether the gross receipts tax can be imposed on such services. Accordingly, I conclude that the full amount of the tax can be collected on such services (again, to the extent that "sanitation and garbage collection services" are coextensive with services for the "collection and disposal of solid wastes").
Question 2 — If the answer to Question 1 is negative, can the statelegally collect the additional tax levied in the act (7/8 of 1%) onsanitation or garbage collection services under Act 107 of 2003 (2ndEx. Sess.)?
In light of my answer to Question 1, a response to this question is unnecessary.
Question 3 — If Act 107 of 2003 (2nd Ex. Sess.) only allows thecollection of the additional 7/8 of 1% tax, can cities and countieslegally collect their local sales tax on sanitation or garbage collectionservices?
In light of my answer to Question 1, a response to this question is unnecessary.
Question 4 — Do you recommend corrective legislation before Act 107becomes effective on July 1, 2004? (Do you recommend that the legislatureconsider repealing the exemption stated in A.C.A. § 26-52-301(2) or makeany other changes to current law?)
It is my opinion that although Act 107 has effectively repealed the exemption language of A.C.A. § 26-52-301(2) by implication, as discussed above in response to Question 1, a specific repeal of that language would clarify the issue and remove a source of potential confusion.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General